09-3791-ag
Cao v. Holder

BIA
Defonzo, IJ
A079 307 440

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand ten.

PRESENT:
>       JON O. NEWMAN,
>       REENA RAGGI,
>       PETER W. HALL,
>           *Circuit Judges.*

_____

QIN CAO,
>       *Petitioner,*

>       v.                                          09-3791-ag
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Sheema Chaudhry, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Michelle Gorden Latour,
                       Assistant Director; Tracie N. Jones,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **it is hereby ORDERED, ADJUDGED, AND DECREED**, that the petition for review is **DENIED.**

Qin Cao, a native and citizen of the People's Republic of China, seeks review of an August 21, 2009 order of the BIA affirming the December 6, 2007 decision of Immigration Judge ("IJ") Paul A. Defonzo, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qin Cao*, No. A079 307 440 (B.I.A. Aug. 21, 2009), *aff'g* No. A079 307 440 (Immig. Ct. N.Y. City Dec. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

We find no error in the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 164 (ruling that "in evaluating an asylum applicant's credibility, an IJ may rely on omissions and inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible.").

The IJ reasonably relied on inconsistencies between Cao's 2003 testimony, his 2007 testimony, and his asylum application regarding whether his wife ever told him that police threatened her after he went into hiding. The record belies Cao's argument that no inconsistency exists because he was actually referring to two different time periods. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006) (per curiam). Additionally, despite Cao's argument, we find no error in the BIA's determination that his testimony that his wife continued to live in their home in Fujian province was inconsistent with his wife's letter, which indicated that she had fled to her parents' home in a different province. To the extent that Cao offered an explanation for this inconsistency, the agency

was not compelled to credit it.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Although the IJ made additional adverse credibility findings, Cao does not challenge them.  Accordingly, they stand as valid bases for the IJ's adverse credibility determination.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

The IJ's non-erroneous adverse credibility determination undermines Cao's claims for asylum, withholding of removal, and CAT relief because each claim was based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk